| | |
|---|---|
| **KEVIN RICONOSCUITO # 67115,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 3:26-cv-00154 |
| **v.** | ) |
| | ) Judge Trauger |
| **CHAD YOUKER,** *captain, in individual* | ) |
| *and official capacity*, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Kevin Riconoscuito, an inmate in the custody of the Williamson County Jail in Franklin, Tennessee,[1] filed a pro se complaint under 42 U.S.C. § 1983. (Doc. No. 1).

By order entered on February 23, 2026, the court notified Plaintiff that he must take additional action to proceed with this case. (Doc. No. 4). Specifically, Plaintiff had not submitted (1) the civil filing fee or (2) an application for leave to proceed in forma pauperis ("IFP Application") accompanied by a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). (Doc. No. 4).

Plaintiff now has filed an IFP Application (Doc. No. 5), an Amended Complaint (Doc. No. 6), a Motion for Leave to Amend and a Proposed Amended Complaint (Doc. No. 7), and a "Supplemental Complaint and Emergency Motion for Injunction Relief" (Doc. No. 8). The Court must begin with the filing fee.

---

[1] Plaintiff did not check a box on the form complaint indicating whether he is a pre-trial detainee or a county or state prisoner. (See Doc. No. 1 at 4).

1

## I. FILING FEE

The court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. *Adkins*, 335 U.S. at 339; *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Foster*, 21 F. App'x at 240. Proceeding in forma pauperis is a privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." *Id.*

Although Plaintiff has now submitted an IFP Application (Doc. No. 5), it is not accompanied by the required certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). Plaintiff concedes as much in a letter to the court, stating that he requested the required statement from Captain Youker and "they denied it." (Doc. No. 5-1 at 1).

Plaintiff cannot certify his own statement. The statement must be signed by the jail official who manages inmate trust accounts, which make it "certified." Notarization is not required. Jail officials often provide this statement on a form entitled "Certificate of Prisoner Institutional/Trust Fund Account Activity." The court expects jail officials to comply with this statutory requirement. Plaintiff is encouraged to show a copy of this Order to the custodian of his inmate account for clarification.

If jail officials refuse to comply with Plaintiff's request for the certified statement, Plaintiff must provide written documentation to the court of the dates he requested the statement, to whom

he requested the statement, and the response(s) of the person(s) to whom Plaintiff requested the statement. If necessary, the court will take appropriate action to ensure cooperation by jail officials.

If Plaintiff does not wish to seek pauper status, he may submit the full civil filing fee of $405 to the Clerk of Court.

Given the circumstances, the Court extends the deadline for Plaintiff to comply with the Court's prior Order. Plaintiff must submit the certified statement along with a print-out of his transactions over the past six months <u>or</u> a letter setting forth his attempts to obtain the statement as described above <u>or</u> the full civil filing fee no later than April 24, 2026.

Plaintiff is forewarned that failure to comply with this Order may result in the dismissal of his case. Plaintiff is further forewarned that he must keep the Clerk's Office informed of his current address or this case could be dismissed for failure to prosecute.

Plaintiff may request an extension of time to comply with this Order if he requests an extension in writing before April 24, 2026.

## II. MOTION TO AMEND THE COMPLAINT

Plaintiff filed a Motion for Leave to Amend (Doc. No. 7). With that motion, he submitted a Proposed Amended Complaint. (Doc. No. 7-1). Just before filing those documents, Plaintiff submitted an Amended Complaint. (Doc. No. 6). The Amended Complaint is not the same document as the Proposed Amended Complaint.

The court is inclined to grant Plaintiff's Motion to Amend; however, it is unclear whether Plaintiff desires to proceed with the Proposed Amended Complaint (Doc. No. 7-1) or the Amended Complaint (Doc. No. 6) as the operative pleading in this case.[2] Plaintiff is **DIRECTED** to clarify

---

[2] Further, as noted *infra*, Plaintiff later filed a "Supplemental Complaint." (Doc. No. 8). The court is unclear whether Plaintiff desires to add claims and/or Defendants by way of the "Supplemental Complaint."

3

his intentions, in writing, to the Court no later than April 24, 2026. The Motion for Leave to Amend (Doc. No. 7) will be held in abeyance pending the receipt of Plaintiff's clarifying filing.

### III. SUPPLEMENTAL COMPLAINT AND EMERGENCY MOTION

Finally, Plaintiff has filed a single document entitled "Supplemental Complaint and Emergency Motion for Injunctive Relief." (Doc. No. 8).

A. <u>Supplemental Complaint</u>

Plaintiff is advised that he cannot litigate this action or any action in this Court by way of supplements, notices, and/or letters to the court. Even though Plaintiff is proceeding pro se and the court will take into consideration his pro se status when evaluating pleadings and pending motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the court to consider  arguments and evidence, he must raise them by way of timely and properly filed motions such as a motion to amend the complaint. *See Wilson v. United States*, No. 3:18-CV-00735, 2021 WL 1088178, at \*8 (M.D. Tenn. Mar. 22, 2021) (quoting *Gould v. California Dep't of Corr. & Rehab.*, No. 19-CV-00015-HSG, 2019 WL 2059660, at \*3 (N.D. Cal. May 9, 2019)) (finding petitioner's supplement a "nullity" because petitioner did not cite any authority for his ability to unilaterally add new claims in separate filings; "litigants may not plead their claims 'in a piecemeal fashion by filing separate documents that are intended to be read together,' but must file a single pleading 'that is complete within itself.'")). Thus, if Plaintiff is attempting to raise any new claims or add any Defendants by way of his Supplement, Plaintiff must submit an amended complaint to do so.

Any amended complaint must contain all allegations, claims, and defendants, and should not incorporate the original complaint by reference. In other words, an amended complaint will replace the original complaint.

B. <u>Emergency Motion for Injunctive Relief</u>

Plaintiff's emergency motion asks the court to "grant injunctive relief for inmates to have Bibles." (Doc. No. 8 at 1, 9). Even though Plaintiff did not title his motion as one seeking a preliminary injunction, the court understands it to be such a motion due to Plaintiff's request for emergency injunctive relief prior to the statutorily required screening of the complaint.[3]

Persons seeking a preliminary injunction must meet four requirements. They must show a likelihood of success on the merits; irreparable harm in the absence of the injunction; the balance of equities favors them; and that public interest favors an injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Sisters for Life, Inc. v. Louisville-Jefferson Cnty.*, 56 F.4th 400, 403 (6th Cir. 2022). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiffs seeking a preliminary injunction may not merely rely on unsupported allegations but rather must come forward with more than "scant evidence" to substantiate their allegations. *See, e.g., Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 417 (6th Cir. 2014); *McNeilly*, 684 F.3d at 614 (upholding denial of preliminary injunction when plaintiff made only a "small showing" of evidence); *Cameron v. Bouchard*, 815 F. App'x 978, 986 (6th Cir. 2020) (vacating

---

[3] Likewise, the court could consider the motion as seeking a temporary restraining order. However, the motion filed by Plaintiff does not comply with Local Rule 65.01 either. *See* M.D. Tenn. L.R. 65.01 (setting forth the requirements for seeking a temporary restraining order in the Middle District of Tennessee, including an affidavit or verified complaint and an explanation of what efforts plaintiff made to give notice of the motion to defendants).

preliminary injunction when plaintiffs made no evidentiary showing on some elements of their claim, but instead relied on mere allegations); *United States v. Certain Land Situated in City of Detroit*, No. 95-1118, 1996 WL 26915, at *1 n.1 (6th Cir. 1996) (affirming denial of a preliminary injunction where the district court relied on a lack of evidence to support speculative allegations); *Boulding v. Corr. Med. Servs.*, No. 1:06-cv-811, 2008 WL 2095390, at *1 (W.D. Mich. Feb. 11, 2008), *report and recommendation adopted*, 2008 WL 2095387 (W.D. Mich. May 15, 2008) ("Plaintiff did not marshal any evidence in support of his motion [for a preliminary injunction]. Plaintiff's unsupported allegations do not suffice."). The decision whether to grant a preliminary injunction is a matter within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

The court cannot consider Plaintiff's motion on the merits, however, at this time for two reasons: (1) the matter of the filing fee has not yet been resolved[4] and (2) because Plaintiff has not complied with the rules for filing such motions. Local Rule 7.01 requires that "[e]very motion requiring a determination of law must be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or others exhibits in support thereof." Plaintiff did not file a memorandum in support of his preliminary injunction motion. Thus, the motion (Doc. No. 8) will be **DENIED WITHOUT PREJUDICE** to be refiled,

---

[4] *See Gregory Ryan Webb v. Republican Party of Cumberland Cnty., Tenn.,* No. 2:24-cv-39 (M.D. Tenn. filed 6/4/2024) (Crenshaw, J.) (holding plaintiff's emergency motion in abeyance until plaintiff resolves the filing fee); *Corey Taylor v. Brandon Peone*, Case No. 1:24-cv-00045 (M.D. Tenn. filed 4/23/2024) (Campbell, J.) (holding plaintiff's emergency motion in abeyance until plaintiff resolves the filing fee); *see also Davis v. Precythe*, No. 4:22-CV-00444 AGF, 2022 WL 1165789, at *1 (E.D. Miss. Apr. 20, 2022) (requiring pro se prisoner-plaintiff to submit the civil filing fee or a motion to proceed in forma pauperis along with a certified prison account statement before the court can address plaintiff's motion seeking expedited relief).

6

after the matter of the filing fee has been resolved, in compliance with the Local Rules and the

Federal Rules of Civil Procedure governing the filing emergency motions, if appropriate.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

7